James R. Batchelder (CSB # 136347)
Mark D. Rowland (CSB # 157862)
Andrew T. Radsch (CSB # 303665)
**ROPES & GRAY LLP**
1900 University Ave. Sixth Floor
East Palo Alto, CA 94303-2284
Tel: (650) 617-4000
Fax: (650) 617-4090
james.batchelder@ropesgray.com
mark.rowland@ropesgray.com
andrew.radsch@ropesgray.com

Attorneys for Plaintiff
PALO ALTO NETWORKS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALO ALTO NETWORKS, INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** |
| v. | |
| PACKET INTELLIGENCE LLC, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

1    Plaintiff Palo Alto Networks, Inc. ("Palo Alto Networks"), by its attorneys, Ropes & Gray

2  LLP, files this Complaint against Defendant Packet Intelligence LLC ("Packet Intelligence") and

3  hereby alleges as follows:

**NATURE OF THE ACTION**

5    1.    This action arises from Packet Intelligence's efforts at enforcement of U.S. Patent

6  Nos. 6,651,099, entitled "Method and apparatus for monitoring traffic in a network" (the "'099

7  Patent"); 6,665,725, entitled "Processing protocol specific information in packets specified by a

8  protocol description language" (the "'725 Patent"); 6,839,751, entitled "Re-using information from

9  data transactions for maintaining statistics in network monitoring" (the "'751 Patent"); 6,954,789,

10  entitled "Method and apparatus for monitoring traffic in a network" (the "'789 Patent"); and

11  6,771,646, entitled "Associative cache structure for lookups and updates of flow records in a network

12  monitor" (the "'646 Patent") (collectively, the "Patents-in-Suit").  Palo Alto Networks asserts claims

13  for declaratory judgment of non-infringement of the Patents-in-Suit.

**PARTIES**

15    2.    Plaintiff Palo Alto Networks is a Delaware corporation having its principal place of

16  business at 3000 Tannery Way, Santa Clara, California 95054.  Palo Alto Networks is a global leader

17  in the design, development, and distribution of advanced cybersecurity solutions.

18    3.    On information and belief, Defendant Packet Intelligence is a limited liability

19  company existing under the laws of the state of Texas having its principal place of business at 505

20  East Travis Street, Suite 209, Marshall, TX 75670.  On information and belief, Packet Intelligence

21  is a non-practicing entity, which aims to license its patent portfolio to others.

**JURISDICTION AND VENUE**

23    4.    This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*,

24  and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Subject matter jurisdiction is based

25  upon 28 U.S.C. §§ 1331 and 1338(a).

26    5.    This Court has personal jurisdiction over Packet Intelligence in this District.  Upon

27  information and belief, Packet Intelligence, directly or through its agents, has regularly conducted

28  business activities in California and this action arises out of and relates to activities that Packet

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

Intelligence has purposefully directed at California and this District. Among other things, Packet Intelligence purposefully directed allegations of patent infringement to Palo Alto Networks in this District by addressing and sending to Palo Alto Networks in this District a patent assertion letter alleging that Palo Alto Networks infringes one or more claims of the Patents-in-Suit.

6. Upon information and belief, Packet Intelligence has sent, or caused to be sent, other patent assertion and/or licensing letters to other persons and/or companies in this District. Upon information and belief, Packet Intelligence has charged infringement and threatened litigation against numerous companies residing and conducting business in this District.

7. In addition, upon information and belief, Packet Intelligence entered into an agreement with Exar Corporation ("Exar") of Fremont, California, in this District, whereby Exar assigned the Patents-in-Suit to Packet Intelligence ("Exar Assignment Agreement"). Furthermore, the Exar Assignment Agreement establishes an ongoing relationship between Exar and Packet Intelligence relating to Packet Intelligence's enforcement activities, whereby Exar agrees to "testify in any legal proceedings concerning the Patent Property [subject of the Exar Assignment Agreement]" and to undertake other specified activities concerning the Patents-in-Suit.

8. Additionally, on information and belief, Packet Intelligence has entered into a settlement and license agreement relating to the Patents-in-Suit with Cisco Systems, Inc. ("Cisco") of San Jose, California, in this District. On information and belief, Packet Intelligence has received or is contracted to receive monetary consideration from Cisco, thereby benefitting from at least one California company in the form of monies and/or other consideration.

9. On information and belief, Packet Intelligence also has entered into a consulting agreement with Russel Dietz of San Jose, California, a named inventor on each of the Patents-in-Suit, relating to Packet Intelligence's enforcement efforts concerning the Patents-in-Suit. On information and belief, Packet Intelligence has directed communications to Mr. Dietz in this District relating to Packet Intelligence's enforcement efforts for one or more of the Patents-in-Suit. In addition, upon information and belief, Packet Intelligence has directed communications to another named inventor of Patents-in-Suit, Joseph Maixner of San Jose, California, in this District, relating to Packet Intelligence's enforcement efforts for one or more of the Patents-in-Suit.

1    10.    Venue is proper in this judicial district based on 28 U.S.C. §§ 1391(b)-(c).

2    **INTRADISTRICT ASSIGNMENT**

3    11.    This case is an Intellectual Property Action under Civil Local Rule 3-2(c) and,
4    pursuant to Civil Local Rule 3-5(b), shall be assigned on a district-wide basis.

5    **FACTUAL ALLEGATIONS**

6    **THE PATENTS-IN-SUIT**

7    12.    The '099 Patent states on its cover that it was issued on November 18, 2003 to named
8    inventors Russell S. Dietz of San Jose, California; Joseph R. Maixner of Aptos, California; Andrew
9    A. Koppenhaver of Littleton, Colorado; William H. Bares of Germantown, Tennessee; Haig A.
10   Sarkissian of San Antonio, Texas; and James F. Torgerson of Andover, Minnesota.  The '099 Patent
11   also states that the initial assignee of the '099 Patent was Hi/fn, Inc. of Los Gatos, California.

12   13.    The '725 Patent states on its cover that it was issued on December 16, 2003 to named
13   inventors Russell S. Dietz of San Jose, California; Andrew A. Koppenhaver of Littleton, Colorado;
14   and James F. Torgerson of Andover, Minnesota.  The '725 Patent also states that the initial assignee
15   of the '725 Patent was Hi/fn, Inc. of Los Gatos, California.

16   14.    The '751 Patent states on its cover that it was issued on January 4, 2005 to named
17   inventors Russell S. Dietz of San Jose, California; Joseph R. Maixner of Aptos, California; and
18   Andrew A. Koppenhaver of Littleton, Colorado.  The '751 Patent also states that the initial assignee
19   of the '751 Patent was Hi/fn, Inc. of Los Gatos, California.

20   15.    The '789 Patent states on its cover that it was issued on October 11, 2005 to named
21   inventors Russell S. Dietz of San Jose, California; Joseph R. Maixner of Aptos, California; Andrew
22   A. Koppenhaver of Littleton, Colorado; William H. Bares of Germantown, Tennessee; Haig A.
23   Sarkissian of San Antonio, Texas; and James F. Torgerson of Andover, Minnesota.  The '789 Patent
24   also states that the initial assignee of the '789 Patent was Hi/fn, Inc. of Los Gatos, California.

25   16.    The '646 Patent states on its cover that it was issued on August 3, 2004 to named
26   inventors Russell S. Dietz of San Jose, California and Haig A. Sarkissian of San Antonio, Texas.
27   The '646 Patent also states that the initial assignee of the '646 Patent was Hi/fn, Inc. of Los Gatos,

28

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

California.  On information and belief, William H. Bares of San Jose, California was added as a named inventor to the '646 patent through a certificate of correction.

**DISPUTE BETWEEN PALO ALTO NETWORKS AND**

**PACKET INTELLIGENCE CONCERNING THE PATENTS-IN-SUIT**

17.    Packet Intelligence, by its attorney, sent a letter to Palo Alto Networks with the subject line: "Notice of Infringement And Invitation to License Patents of Packet Intelligence LLC" ("Packet Intelligence's Assertion Letter").  Packet Intelligence's Assertion Letter alleges that Palo Alto Networks infringes the Patents-in-Suit and provides "examples" of allegedly infringing Palo Alto Networks products.  Packet Intelligence's Assertion Letter identified the following products as allegedly infringing:  PA-Series Firewall Appliances (PA-200, PA-7000, PA-7050, PA-7080) and VM-Series Firewall (VM-50, VM-100, VM-300, VM-500, VM-700) (collectively, the "Palo Alto Networks Accused Products").

18.    Palo Alto Networks, by its counsel, responded to Packet Intelligence concurrent with this filing that, among other things, Palo Alto Networks does not infringe the Patents-in-Suit, and that Palo Alto Networks declines to take a license.

19.    Accordingly, an actual and justiciable controversy exists between Palo Alto Networks and Packet Intelligence concerning whether Palo Alto Networks infringes one or more claims of any of the Patents-in-Suit.  Palo Alto Networks now seeks a declaratory judgment that Palo Alto Networks does not infringe the claims of the Patents-in-Suit.

**FIRST CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '099 PATENT**

20.    This is a claim for declaratory judgment of non-infringement of the '099 Patent.  The allegations of Paragraphs 1 through 19 above are repeated as though fully set forth herein.

21.    Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '099 Patent.

22.    Palo Alto Networks is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '099 Patent.

-4-

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

**SECOND CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '725 PATENT**

23.    This is a claim for declaratory judgment of non-infringement of the '725 Patent.  The allegations of Paragraphs 1 through 22 above are repeated as though fully set forth herein.

24.    Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '725 Patent.

25.    Palo Alto Networks is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '725 Patent.

**THIRD CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '751 PATENT**

26.    This is a claim for declaratory judgment of non-infringement of the '751 Patent.  The allegations of Paragraphs 1 through 25 above are repeated as though fully set forth herein.

27.    Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '751 Patent.

28.    Palo Alto Networks is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '751 Patent.

**FOURTH CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '789 PATENT**

29.    This is a claim for declaratory judgment of non-infringement of the '789 Patent.  The allegations of Paragraphs 1 through 28 above are repeated as though fully set forth herein.

30.    Palo Alto Networks is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '789 Patent.

31.    Palo Alto Networks is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '789 Patent.

**FIFTH CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '646 PATENT**

32.    This is a claim for declaratory judgment of non-infringement of the '646 Patent.  The allegations of Paragraphs 1 through 31 above are repeated as though fully set forth herein.

1    33.    Palo Alto Networks is not infringing and has not infringed, directly or indirectly,

2 literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '646 Patent.

3    34.    Palo Alto Networks is entitled to a judicial declaration and order that it does not

4 infringe and has not infringed any claim of the '646 Patent.

5                              **PRAYER FOR RELIEF**

6    WHEREFORE, Palo Alto Networks prays for the following relief:

7    A.    The Court enter a declaratory judgment that Palo Alto Networks in not infringing

8 and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully

9 or otherwise, any claim of each of the Patents-in-Suit;

10    B.    Preliminarily and permanently enjoining Packet Intelligence, its officers, agents,

11 servants, employees, and attorneys, and those persons in active concert or participation with it who

12 receive actual notice by personal service or otherwise, from asserting or threatening to assert

13 against Palo Alto Networks or its customers, potential customers, or users of the Palo Alto

14 Networks Accused Products, any charge of infringement of any claims of the Patents-in-Suit;

15    C.    Awarding to Palo Alto Networks its costs and attorneys' fees; and

16    D.    Granting to Palo Alto Networks such other and further relief as this Court may deem

17 just and proper.

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Palo Alto Networks demands a trial by jury on all issues so triable in this action.

Respectfully submitted,

Date: May 7, 2019

By: */s/ James R. Batchelder*
James R. Batchelder
Mark D. Rowland
Andrew T. Radsch
**ROPES & GRAY LLP**
1900 University Ave. Sixth Floor
East Palo Alto, CA 94303-2284
james.batchelder@ropesgray.com
mark.rowland@ropesgray.com
andrew.radsch@ropesgray.com

*Attorneys for Plaintiff,*
PALO ALTO NETWORKS, INC.

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT