UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALO ALTO NETWORKS, INC., <br><br>　　　　　Plaintiff, <br><br>　　　v. <br><br> PACKET INTELLIGENCE LLC, <br><br>　　　　　Defendant. | Case No. 19-cv-02471-WHO <br><br> **ORDER GRANTING MOTION TO STAY** <br><br> Re: Dkt. No. 85 |

　　　　Plaintiff Palo Alto Networks, Inc. ("PAN") moves to stay this action pending *Inter Partes* Review ("IPR") based upon the Patent Trial and Appeal Board's ("PTAB") recent decision to institute review of petitions on several of the patents-in-suit. Defendant Packet Intelligence LLC ("Packet") opposes, contending that a stay would be premature. I disagree with Packet and GRANT PAN's motion. In the event the PTAB changes course on the IPRs, Packet may file a motion to lift the stay.[1]

## BACKGROUND

　　　　PAN brought this action for declaratory judgment of noninfringement on May 7, 2019. This matter is related to *Packet Intelligence LLC v. Juniper Networks Inc.*, Case No. 19-cv-4741 (N.D. Cal.), an infringement action involving the same patents that was brought three months later. This case has proceeded through claim construction and discovery is set to close on December 22, 2020. Expert discovery has not begun and no depositions have yet been taken. Dkt. No. 85 ("Mot.") 1. Trial is set for August 30, 2021. Dkt. No. 62.

　　　　As of the filing of PAN's motion, the PTAB instituted IPRs on four of the five patents asserted in this matter, resulting in review of patentability of 31 of the 33 Asserted Claims in this

---

[1] I find that this motion is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and VACATE the hearing set for September 30, 2020.

action. *Id.* The PTAB denied institution of IPRs on one patent asserted in this matter, U.S. Patent Nos. 6,651,099 ("the '099 Patent"). *Id.* at 3. Packet, PAN, and Juniper Networks, Inc. have all expressed their intent to request reconsideration of the PTAB's IPR decisions. Dkt. No. 89 ("Oppo.") 1. In the related case, Juniper also filed a motion to stay. Case No. 19-cv-4741, Dkt. No. 80.

## LEGAL STANDARD

Courts consider three factors in deciding whether a civil action should be stayed pending IPR proceedings: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014). These factors are "general considerations that are helpful in determining whether to order a stay," but "ultimately the Court must decide stay requests on a case-by-case basis." *Asetek Holdings, Inc. v. Cooler Master Co.*, Case No. 13–cv–00457–JST, 2014 WL 1350813, at *1 (N.D. Cal. Apr. 3, 2014).

## DISCUSSION

Packet opposes PAN's motion, arguing that a stay would be premature given the parties' intent to seek reconsideration of the PTAB's decision. Oppo. 1. It also argues that extensive discovery has taken place, my Claim Construction order is pending, and the PTAB denied review of one of the patents-in-suit. *Id.* at 2. It states that Packet conducted expert review of PAN's source code; the parties exchanged infringement, validity, and damages contentions; and claim construction has been submitted to the Court. *Id.* at 5. It also argues that it will be prejudiced because PAN waited nearly a year after filing this action to file its IPRs, the IPRs could take until 2021 to resolve, and PAN filed this declaratory judgment action. *Id.* at 8-10.

### I.   STAGE OF THE CASE

As discussed above, a trial date has been set in this case, but discovery is not complete. Fact discovery does not close until December of this year, and expert discovery has not yet begun. No dispositive motions have been filed. I find that this factor weighs in favor of granting PAN's

motion. *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-CV-04738-WHO, 2018 WL 6574188, at *3 (N.D. Cal. Dec. 12, 2018) ("Although claim construction is complete and some substantial discovery has already occurred, several costlier stages of pretrial preparation remain, not to mention the trial itself.").

## II. SIMPLIFICATION OF THE ISSUES

"A stay is favored under the second factor when the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Id.* at *3 (citation omitted). Here, as to four of the five patents, the outcome of the reexamination would almost certainly assist me in determining patent validity and could eliminate the need to try the infringement issue. Although the PTAB denied review of the '099 Patent, this patent is related to the other patents. Moreover, the PTAB's determination not to institute review of the '099 Patent does not defeat PAN's motion for a stay. *See Neodron, Ltd. v. Lenovo Grp., Ltd.*, No. 19-CV-05644-SI, 2020 WL 5074308, at *2 (N.D. Cal. Aug. 27, 2020). The standard is whether the PTAB's decision could simplify the issues in this matter, not whether they would eliminate the issues. There is no real dispute that the outcome of the IPRs would simplify the issues in this case. This factor weighs in favor of granting PAN's motion.

## III. PREJUDICE

With respect to the third factor, "[t]his district applies a four sub-factor analysis considering: (i) the timing of the reexamination request; (ii) the timing of the request for stay; (iii) the status of reexamination proceedings; and (iv) "the relationship of the parties." *GoPro*, 2018 WL 6574188, at *6 (citations omitted). "Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *Neodron*, 2020 WL 5074308, at *2 (citation omitted). Packet does not dispute that PAN filed its IPR petitions five months before the statutory deadline. Dkt. No. 90 at 10. Similarly, it cannot dispute that PAN moved for a stay promptly after learning of the PTAB's decision to institute review. The prejudice that Packet articulates largely stems from prejudice inherent in a stay: the amount of time that the IPR will take. This is not sufficient to satisfy its burden of

showing specific prejudice.  For these reasons, I find that this factor also weighs in favor of granting PAN's motion.

### CONCLUSION

For the above reasons, I GRANT PAN's motion.  Should the PTAB's determination on the parties' expected requests for rehearing warrant it, Packet may file a motion to lift the stay after such determination.

**IT IS SO ORDERED.**

Dated: September 28, 2020



William H. Orrick
United States District Judge